UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-35** |
| **RAINER WITTICH**<br>**THE BRINSON COMPANY** | **SECTION: "G"(4)** |

# ORDER

Before the Court is Defendants Rainer Wittich and The Brinson Company's "Second Motion to Dismiss."[1] Defendants move the Court to dismiss the Second Superseding Indictment on the same grounds urged in their earlier Motion to Dismiss the First Superseding Indictment, which the Court denied on October 10, 2014.[2]

Federal Rule of Criminal Procedure 12(b)(2) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." Under Federal Rule of Criminal Procedure 12(b)(3)(B), "at any time while the case is pending, the court may hear a claim that the indictment or information fails to invoke the court's jurisdiction or to state an offense." The Fifth Circuit, in *United States v. Fontenot*, instructed that where a defendant seeks dismissal of an indictment on the basis that it fails to state an offense, the Court "is required to take the allegations of the indictment as true and to determine whether an offense has been stated."[3] The court in *Fontenot* further provided that "[t]he propriety of granting"

---

[1] Rec. Doc. 98.

[2] Rec. Doc. 83.

[3] *United States v. Fontenot*, 665 F.3d 640, 644 (5th Cir. 2011) (citing *United States v. Hogue*, 132 F.3d 1087, 1089 (5th Cir. 1998)).

a pre-trial motion to dismiss an indictment "is by–and–large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."[4] In situations where "a question of law is involved," the court stated, "consideration of the motion is generally proper."[5]

Under Federal Rule of Criminal Procedure 7(c)(1), an indictment must be "a plain, concise, and definite written statement of the essential facts constituting the offense charged." In *United States v. Ratcliff*, the United States Court of Appeals for the Fifth Circuit, reviewing and affirming the district court's dismissal of an indictment and applying Federal Rule of Criminal Procedure 7(c)(1), provided that "an indictment is sufficient if it "[1] alleges every element of the crime charged and [2] in such a way as to enable the accused to prepare his defense and [3] to allow the accused to invoke the double jeopardy clause in any subsequent proceeding."[6]

As the Court noted in its prior Order and Reasons, the plain language of 17 U.S.C. §§ 102, 408, 506(a)(1)(A), 1201(a)(2)(A) and 1204(a)(1) establish that copyright protection may attach to a work regardless of whether a copyright is registered. These statutes also provide that actions for criminal copyright infringement do not require that the copyright at issue be registered. Since the Government has alleged that the SDS system falls within the scope of 17 U.S.C. § 102, it has alleged

---

[4] *Id.* (citing *United States v. Flores*, 404 F.3d 320, 324 (5th Cir. 2005) ("In this circuit, the propriety of granting a motion to dismiss an indictment under Fed. R.Crim. P. 12 by pretrial motion is by-and-large contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact.'") (citations omitted)).

[5] *Id.*

[6] *United States v. Ratcliff*, 488 F.3d 639, 643 (5th Cir. 2005) (citing *United States v. Bieganowski*, 313 F.3d 264, 285 (5th Cir. 2002). *See also United States v. Hamling*, 418 U.S. 87, 117 (1974) ("an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense.").

the existence of a copyright, and need do no more to state an offense. On the present pre-trial motion, the indictment, as a matter of law, states offenses pursuant to 17 U.S.C. §§ 506(a)(1)(A), 1201(a)(2)(A) and 1204(a)(1). These statutes are not unconstitutionally vague simply because they do not require registration of the copyrighted work. Further, the Court finds no basis to dismiss the indictment on any of the other grounds asserted by Wittich and The Brinson Company. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Rainer Wittich and The Brinson Company's "Second Motion to Dismiss" is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 15th day of December, 2014.

*[signature]*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**