UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES** | **CRIMINAL ACTION** |
| **VERSUS** | **NO. 14-35** |
| **RAINER WITTICH**<br>**THE BRINSON COMPANY** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendants Rainer Wittich and The Brinson Company's Second "Motion to Strike Surplusage."[1] On October 31, 2014, the Court granted in-part Defendants' earlier "Motion to Strike Surplusage," striking paragraph 10 of the Superseding Indictment, which stated, "On about September 26, 2013, WITTICH and his counsel met with Special Agents from the Federal Bureau of Investigation. During the meeting, FBI agents detailed the nature of their investigation and presented numerous documents obtained throughout the investigation."[2] In the present motion, Defendants argue that the following language should be stricken from the Second Superseding Indictment:

> 1) On about September 26, 2013, WITTICH and his counsel met with Special Agents from the Federal Bureau of Investigation. During the meeting, FBI agents detailed the nature of their investigation and presented numerous documents obtained throughout the investigation.
> 2) Similarly, even after federal agents provided WITTICH with a detailed description of their investigation on September 26, 2013, WITTICH and TBC still purchased software and components for the production and distribution of fake SDS units.

Allegations in an indictment that are unnecessary to prove the crime charged are surplusage.[3] Federal Rule of Criminal Procedure 7(d) provides that "upon the defendants motion, the Court may

---

[1] Rec. Doc. 96.

[2] Rec. Doc. 93.

[3] *United States v. Miller*, 410 U.S. 130, 136–37 (1985).

strike surplusage from the indictment or information." However, the striking of surplusage is not required as "[s]urplusage in the indictment may generally be disregarded where the charge is not materially broadened and the accused is not misled."[4] The level of proof required to strike surplusage from an indictment is "exacting."[5]

In its prior Order, the Court determined that evidence related to the September 26, 2013 meeting should be excluded because it would cause unfair prejudice, confuse the issues and mislead the jury.[6] Therefore, the Court will strike this irrelevant, inflammatory, and prejudicial language from the Second Superseding Indictment. Accordingly,

**IT IS HEREBY ORDERED** that the Second "Motion to Strike Surplusage" is **GRANTED.**

**IT IS FURTHER ORDERED** that the following language shall be stricken from the Second Superseding Indictment: (1) "On about September 26, 2013, WITTICH and his counsel met with Special Agents from the Federal Bureau of Investigation. During the meeting, FBI agents detailed the nature of their investigation and presented numerous documents obtained throughout the investigation;" and (2) "Similarly, even after federal agents provided WITTICH with a detailed description of their investigation on September 26, 2013, WITTICH and TBC still purchased software and components for the production and distribution of fake SDS units."

**NEW ORLEANS, LOUISIANA**, this __15th__ day of December, 2014.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[4] *See United States v. Quintero*, 872 F.2d 107, 111 (5th Cir. 1989) (citing *United States v. Trice*, 823 F.2d 80, 89 n. 8 (5th Cir.1987)).

[5] *United States v. Bullock*, 451 F.2d 884, 888 (5th Cir. 1971).

[6] Rec. Doc. 92.