

**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

*Jordan Ginsberg*  *The Poydras Center*  *Telephone: 504-680-3121*
*Assistant United States Attorney*  *650 Poydras Street, Suite 1600*  *Fax: 504-589-4395*
*New Orleans, Louisiana 70130*

September 10, 2015

Honorable Nannette Jolivette Brown
United States District Judge
Eastern District of Louisiana
500 Poydras Street
New Orleans, Louisiana 70130



    Re:    *United States v. The Brinson Company*
             Criminal Docket No. 14-035

Dear Judge Brown:

    In compliance with the holding of *Bryan v. United States*, 492 F.2d 775 (1974) and with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the Government wishes to acknowledge the following agreement between the Government and The Brinson Company, (the Company), the defendant in the above-captioned proceeding. Defendant's duly authorized representative and attorney, Brian Capitelli, Esq., has reviewed the terms of this agreement and has been advised by the Company, its duly authorized representative, and its counsel fully understand the terms of this agreement.

    The defendant, The Brinson Company, has agreed to plead guilty to Count 1 of the Fourth Superseding Bill of Information now pending against it, charging the Company with a violation of Title 18, United States Code, Section 371, by conspiring (1) to infringe a copyright, in violation of Title 17, United States Code, Section 506(a)(1)(A) and Title 18, United States Code, Section 2319(b)(1) and (2) to circumvent copyright protection systems, in violation of Title 17, United States Code, Sections 1201(a)(1)(A) and 1204(a)(1). The Government agrees that should the Court accept the defendant's guilty plea to the Fourth Superseding Bill of Information, it will not seek to bring any other charges in the Eastern District of Louisiana arising from defendant's actions, as more fully set forth in the factual basis, and will move to dismiss all remaining charges against the Company.

    The Company acknowledges that it has a right to be indicted by a grand jury on the charge in the Fourth Superseding Bill of Information because that charge is a felony violation. The Company agrees to waive, in writing, and at the appropriate time, his right to be charged by grand jury indictment.

The Company understands that the maximum statutory penalty it faces is a fine of up to $500,000 or twice the gain or loss resulting from the criminal offense under Title 18, United States Code, Section 3571. The restitution provisions of Sections 2323(c) and 3663A of Title 18, United States Code are applicable in this matter. The Company understands that a mandatory special assessment fee of $400.00 shall be imposed under the provisions of Section 3013 of Title 18, United States Code. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, and the agreement made between the Government and the Company, the Government and the Company recommend, and agree not to oppose the defendant's request, that the following plea and sentence is appropriate to this case:

(1) The Company, through the undersigned authorized representative, shall plead guilty to Count 1 of the Fourth Superseding Bill of Information charging the Company with a violation of Title 18, United States Code, Section 371, by conspiring (1) to infringe a copyright (a felony), in violation of Title 18, United States Code, Section 2319 and (2) to circumvent copyright protection systems, in violation of Title 17, United States Code, Section 1201(a)(1)(A), a felony, arising from the Company's conduct between about 2001 and 2013 as detailed in the mutually acceptable Factual Basis submitted herewith;

(2) In exchange for the Company's guilty plea, the Government agrees that it will not bring any other charges in the Eastern District of Louisiana against the Company or its owners, officers, employees, or representatives arising from or related to any and all conduct known to the Government, at the time of the relevant plea agreement, as detailed in the Factual Basis;

(3) The Company shall be placed on organizational probation for a term of five years. Pursuant to Title 18, United States Code, Section 3561(c)(1). The Company agrees to abide by the standard conditions of probation as determined by the Court and to include no further violations of the law. The Company further agrees to abide by the following special conditions of probation:

    (a) The Company shall pay all fines, community service and special assessments as set forth herein.

(4) The Company shall forfeit funds in the amount of $150,000.00, which constitutes proceeds the Company obtained as a result of the violations to which the Company is pleading guilty. The Company further agrees to relinquish the full amount by the conclusion of its term of organizational probation.

(5) The Company agrees that it will not seek any reduction in its tax obligations as a result of these payments. In addition, the Company will not characterize, publicize, or refer to the payment as a voluntary donation or contribution; and

(6) The Company will agree to assist Daimler AG in compiling a list of all customers to whom it sold, distributed, donated, or otherwise provided a copyright-infringing, non-authentic, or unlicensed SDS unit, unit parts, software, or software update, not later than thirty days after the date of sentencing, as scheduled by the Court.

(7) The Company agrees to refrain from selling, distributing, donating, creating, manufacturing, or otherwise participating in the sale, distribution, donation, creation, or manufacture, of copyright-infringing, non-authentic, or unlicensed SDS units, unit parts, software, or software updates.

(8) The Company shall also pay a mandatory special assessment fee of $400.00 under the provisions of Title 18, United States Code, Section 3013. This special assessment must be paid on the date of sentencing. Failure to pay this special assessment may result in the plea agreement being void.

(9) The parties agree that determining complex issues of fact related to the cause or amount of Daimler AG's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to Daimler AG is outweighed by the burden on the sentencing process, as set out in Title 18, United States Code, Section 3663A(c)(3)(B).

(10) The parties agree that payment of a fine by the Company, in addition to the agreed-upon forfeiture money judgment, would substantially jeopardize the continued existence of the Company, and therefore the Company is unable to pay a fine, as set out in the United States Sentencing Guidelines, Section 8C3.4 cmt. (n.1).

The parties have entered into this plea agreement under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure with the understanding that the parties agree to recommend, and agree not to oppose the defendant's request, that the Court accept the agreement contained herein. It is also understood that the restitution provisions of Sections 3663 and 3663A of Title 18, United States Code, will apply and the defendant agrees that any restitution imposed will be non-dischargeable in any bankruptcy proceeding and that defendant will not seek or cause to be sought a discharge or a finding of dischargeability as to the restitution obligation.

Defendant understands that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291, may give a criminal defendant the right to appeal defendant's conviction, sentence, restitution, fine, and judgment imposed by the Court. Defendant also understands that defendant may have the right to file collateral challenges to defendant's conviction and sentence, and judgment, including but not limited to rights provided by Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, and writs of coram nobis and audita querela. Defendant further understands that Title 18, United States Code, Section 3582(c)(2), may allow the Court to grant a sentencing reduction to the defendant if the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has been subsequently lowered by the United States Sentencing Commission and determined to apply retroactively to defendants who already have been sentenced to a term of imprisonment.

Acknowledging these rights, subject only to the exceptions indicated in subsection (d) below, the defendant, in exchange for the promise(s) and agreement(s) made by the United States in this plea agreement, knowingly and voluntarily:

a. Waives and gives up any right to appeal or contest defendant's guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed by any judge under any applicable restitution statute, including but not limited to any right to appeal any rulings on

3

pretrial motions of any kind whatsoever, as well as any aspect of defendant's sentence, including but not limited to any and all rights which arise under Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291;

   b.  Waives and gives up any right to appeal any order, decision, or judgment arising out of or related to Title 18, United States Code, Section 3582(c)(2) imposed by any judge and further waives and gives up any right to challenge the manner in which defendant's sentence was determined and to challenge any United States Sentencing Guidelines determinations and their application by any judge to the defendant's sentence and judgment;

   c.  Waives and gives up any right to challenge defendant's sentence collaterally, including but not limited to any and all rights which arise under Title 28, United States Code, Sections 2255 and 2241, Rule 60 of the Federal Rules of Civil Procedure, Rule 36 of the Federal Rules of Criminal Procedure, writs of coram nobis and audita querela, and any other collateral challenges to his sentence of any kind; and

   d.  The defendant specifically does not waive, and retains the right to bring a direct appeal of any sentence imposed in excess of the statutory maximum. The defendant also retains the right to bring a post-conviction challenge if defendant establishes that ineffective assistance of counsel directly affected the validity of this waiver of appeal and collateral challenge rights or the validity of the guilty plea itself.

  The defendant further waives any right to seek attorney's fees and/or other litigation expenses under the "Hyde Amendment," Title 18, United States Code, Section 3006A and the defendant acknowledges that the Government's position in the instant prosecution was not vexatious, frivolous or in bad faith.

  Further, the Company understands that any discussions with defendant's attorney or anyone else regarding sentencing guidelines are merely rough estimates and the Court is not bound by those discussions. The Company understands that the sentencing guidelines are advisory and are not mandatory for sentencing purposes. The Company acknowledges that the United States Sentencing Guidelines, including Chapter Eight that provide guidance for the sentencing of corporate defendants, must be considered by the Court, except that pursuant to USSG Sections 8C2.1 and 8C2.10, the United States Sentencing Guidelines which pertain to the sentencing of organizations do not determine the fine range in cases involving environmental crimes, including the making of false statements, the use of false writings or efforts to obstruct justice in order to conceal environmental crimes.

  In an effort to resolve this matter in a timely fashion and show good faith, the defendant agrees to knowingly, voluntarily, and expressly waive his rights pursuant to Rule 410(a) of the Federal Rules of Evidence upon signing this plea agreement and the factual basis. The defendant understands and agrees that in the event the defendant violates the plea agreement, withdraws defendant's decision to plead guilty, or should the plea agreement otherwise be set aside, any statements made by the defendant to law enforcement agents or an attorney for the prosecuting authority during plea discussions, any statements made by the defendant during any court proceeding involving the defendant's plea of guilty, including any factual bases or summaries signed by the defendant, and any leads from such statements, factual bases or summaries, shall be admissible for all purposes against the defendant in any and all criminal proceedings.

This plea agreement is predicated upon the fact that the defendant agrees to submit to interviews whenever and wherever requested by law enforcement authorities. The defendant understands defendant must be completely truthful. The defendant also agrees to appear before any Grand Jury or trial jury and to testify truthfully. The defendant understands if defendant is not truthful, this agreement will be null and void and defendant may be prosecuted for perjury or making false statements. The defendant agrees neither to implicate anyone falsely nor to exculpate or protect anyone falsely. The defendant further agrees to immediately advise the Government as to any person defendant believes to be violating the law and defendant agrees to assist the Government with regard to the investigation and prosecution of criminal conduct of any other person.

After the parties execute this plea agreement, the Government also agrees that any statements or testimony made later by the defendant pursuant to questions asked by federal agents or prosecutors as a result of this agreement (other than false statements, or those relating to crimes of violence) will not be used against the defendant except for the purpose of impeachment. However, any such statements or testimony given by the defendant can be used as leads or for any other reason against other persons. Further, the defendant fully understands that should defendant commit perjury or give false statements to federal agents, and/or prosecutors, the statements and testimony can be used to prove those offenses, and defendant faces additional criminal charges. However, the defendant acknowledges that if he withdraws his decision to plead guilty, his plea of guilty is successfully withdrawn or otherwise set aside, or he violates the terms of this plea agreement, then any statement or testimony given by the defendant after he signs this plea agreement shall be admissible for all purposes against the defendant and may be used by the government against the defendant in any and all future criminal proceedings.

The Government agrees to bring to the attention of the Court any cooperation rendered by the defendant prior to sentencing. The United States may, but shall not be required to, make a motion or provide a letter to the Court requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines or to request the Court to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. It shall be in the sole discretion of the United States Attorney as to whether a motion requesting the Court to impose a sentence below the sentence contemplated by the sentencing guidelines will be filed or to impose any sentence within the statutory maximum term of imprisonment and fine allowed by law. The defendant understands that even if the Government were to file such a motion, the Court may deny it and could refuse to grant a downward departure.

The defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title and interest which the defendant may have in $150,000 in U.S. currency, which are assets constituting or derived from proceeds the defendants obtained directly or indirectly as a result of the violation(s) to which defendant is pleading guilty and/or which are assets used or intended to be used in any manner or part to commit and to facilitate the commission of the violation(s) to which defendant is pleading guilty. The defendant further agrees not to contest the administrative, civil or criminal forfeiture of any such asset(s). These assets include, but are not limited to, any assets charged in the Fourth Superseding Bill of Information or any Bill of Particulars filed by the United States. The defendant agrees that any asset charged in the Fourth Superseding Bill of Information or Bill of Particulars is forfeitable as proceeds of the illegal activity for which defendant is pleading guilty. With respect to any asset

5

which the defendant has agreed to forfeit, the defendant waives any constitutional and statutory challenges in any manner (including direct appeal, collateral challenges of any type, habeas corpus motions or petitions, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment to the United States Constitution.

The defendant further agrees to submit to interview whenever and wherever requested by law enforcement authorities regarding all assets within defendant's possession or those assets transferred or sold to or deposited with any third party as outlined within the preceding paragraph. It is also understood that defendant will fully cooperate in providing any and all financial information and documentation, and agrees to voluntarily execute a complete and thorough Financial Statement, Form OBD-500. The defendant understands this information may be provided to a representative of any victim of this offense.

The defendant recognizes that any criminal monetary penalty, whether special assessment, criminal fine, or restitution, that is owed as a result of his/her conviction will be immediately submitted to the Treasury Offset Program. The defendant waives any objection to his/her inclusion in the Treasury Offset Program.

The defendant understands that the statements set forth above represent defendant's entire agreement with the Government; there are not any other agreements, letters, or notations that will affect this agreement.

Very truly yours,

KENNETH ALLEN POLITE, JR.
UNITED STATES ATTORNEY

_____
Jordan Ginsberg
Assistant United States Attorney

_____
Evan Williams
Senior Counsel
Computer Crime & Intellectual Property Section
United States Department of Justice

_____
Myles Ranier
Assistant United States Attorney

THE BRINSON COMPANY

_____
Brian J. Capitelli
Bar No. 27398
As Authorized representative and Attorney for
THE BRINSON COMPANY
Defendant